

FILED
8:19 am, 8/19/14
**Stephan Harris**
**Clerk of Court**

| | |
|---|---|
| BRUCE L. EGAN, RICHARD A. HEISE SR., <br><br> Plaintiffs, <br><br> vs. <br><br> JOSHUA CARTU, <br><br> Defendant. | Case No: 13-CV-8-F |

## ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR ATTORNEYS' FEES

This matter is before the Court on Defendant's Motion to Dismiss Complaint and For Attorneys' Fees. The Court has reviewed the filings and is fully informed in the premises. The Court finds it lacks personal jurisdiction over Defendant Joshua Cartu. Additionally, the Court finds an award of attorneys' fees is not appropriate in this matter. Defendant's Motion to Dismiss Complaint is GRANTED. Defendant's Motion For Attorneys' Fees is DENIED.

### BACKGROUND

Plaintiffs Bruce L. Egan and Richard A. Heise Sr. are majority shareholders in the online gaming company Dice Partners, Inc. (Dice) and its subsidiaries and successor companies conducting business under the "Rome" brand including Rome Partners, Rome Capital, and Rome Consulting (a collection of entities referred to as the "Company"). (Complaint at ¶ 1). Dice hired Defendant Joshua Cartu in 2008 to Dice's CEO. Defendant reported to company founder Jim Barnett. (Complaint at ¶ 14). Barnett created Dice, a Panamanian Corporation, in 2006 and registered articles of incorporation and capital

structure for Dice in February of 2008. Between 2007 and 2009 Dice became the registered owner of the domain names romepartners.com, romecasino.com, and diceland.com. (Complaint at ¶ 4-7).

Plaintiffs assert that in 2009 Defendant, in his capacity as CEO, obtained passwords to control internet domain names and fraudulently registered himself as owner, keeping the organization owner as Dice Partners, Inc. (Complaint at ¶ 37-40). Plaintiffs further allege that Defendant then diverted all of the company's revenue and profit to Defendant's personal bank account for personal use. (Complaint at ¶ 41). Accordingly, Plaintiffs allege that Defendant violated RICO and several other federal and state laws by defrauding Plaintiffs out of their substantial investment in Dice. (Complaint at ¶ 41). Plaintiffs bring claims for breach of fiduciary duty, fraud, embezzlement, RICO violations and cyberpiracy.

Defendant filed a motion to dismiss for lack of personal jurisdiction. Defendant asserts he is a citizen and resident of Israel with absolutely no contacts to the State of Wyoming. Defendant claims he has never been to Wyoming, conducted business in Wyoming, owed taxes in Wyoming, or owned any personal or real property in Wyoming. In response, Plaintiffs claim that Defendant's successful solicitation of investments in Dice from Wyoming residents, and the negative repercussions felt by Wyoming residents when those investments yielded no return, evidence sufficient contacts to establish personal jurisdiction. While Plaintiffs' arguments possibly evidence minimum contacts for jurisdiction over Dice Partners, Inc., they do not evidence minimum contacts with regard to Joshua Cartu as an individual.

After reviewing Defendant's motion, Plaintiff's response and being fully informed in the premises, the Court finds that Plaintiffs have failed to establish that the Court has

personal jurisdiction over the Defendant in his individual capacity. Therefore, Defendant's Motion to Dismiss is GRANTED.

## DISCUSSION

It is well established that when deciding a pretrial motion to dismiss for lack of personal jurisdiction, district courts have considerable leeway. *Cheyenne Publ., LLC v. Starostka*, 94 P.3d 463, 469 (Wyo. 2004). "In a case such as this, where a defendant moves to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Qwest Communs. Int'l, Inc. v. Thomas*, 52 F. Supp. 2d 1200, 1204 (D. Colo. 1999).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction would not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). Wyoming's long-arm statute permits Wyoming courts to exercise personal jurisdiction over a defendant on any basis which is not inconsistent with the Wyoming or United States constitutions. Wyo. Stat. Ann § 5-1-107(a).

The general constitutional test for personal jurisdiction is well founded. A federal court sitting in diversity "may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State. . . [and] [t]he defendant's contacts with the forum state [are] such that maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *World Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A defendant meets the requirement for minimum

contacts if it "purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Such conduct within the forum State "make[s] being sued there foreseeable so that the defendant could 'reasonably anticipate' the suit." *Fireman's Fund Ins.Co. v. Thyssen Min. Const. of Canada, Ltd.,* 703 F.3d 488, 493 (10th Cir. 2012) (quoting *World–Wide Volkswagen,* 444 U.S. at 297).

In this case, it appears Plaintiffs are alternatively alleging both general and specific jurisdiction.

> General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and does not require that the claim be related to those contacts. Specific jurisdiction, on the other hand, is premised on something of a quid pro quo: in exchange for "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.

*Dubnikov v. Chalk &Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008) (citations omitted).

Plaintiffs' Complaint suggests jurisdiction and venue are appropriate given Defendant's act of soliciting funds and business from Wyoming residents on Dice's behalf, for the benefit of the casino business. However, Plaintiffs seek jurisdiction over Defendant in his individual capacity, not as Dice's agent. Accordingly, in order for the Court to have jurisdiction over Defendant in his individual capacity, Defendant's contacts with Wyoming must have been committed in his individual capacity and *not* as Dice's agent.

Plaintiffs concede that Defendant's solicitation of funds was on behalf of Dice Partners, Inc., and was "for the benefit of the casino business." (Doc. 21 [Plaintiffs' Memorandum] at 5). These solicitations, which Plaintiffs claim establish personal jurisdiction over Defendant, occurred via two conference calls. The first conference call

took place in April or May of 2008, and the second on September 5, 2008. Present on both calls were Plaintiffs, Defendant and Mr. Barnett, Dice's founder. Additionally, Plaintiffs assert that Defendant was aware of the existence of shareholders, "Bruce and Dick". (*Id.*)

The separation entity doctrine, as recognized by Wyoming courts, states that a corporation is a separate entity distinct from the individuals comprising the corporation. *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1526 (10th Cir. 1987); *Opal Mercantile v. Tamblyn*, 616 P.2d 776, 778 (Wyo. 1980). Given the distinction between a corporation and its agents, "[j]urisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself, and jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state." *Ten Mile Indus. Park*, 810 F.2d at 1527. In a case such as this, "[w]here the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction." *Ten Mile Indus. Park*, 810 F.2d at 1527; 4 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 1069, p. 69 (1985 Supp.); *Wegerer v. First Commodity Corp. of Boston*, 744 F.2d 719, 727 (10th Cir.1984).

The Court's review of the Complaint confirms that the only contact Defendant had with the State of Wyoming was in his capacity as Dice's representative. The Complaint does not state any individual contact with the State of Wyoming. For purposes of determining specific jurisdiction, Defendant's actions in appearing on conference calls were in his capacity as an agent of Dice, not his personal capacity.

In certain cases, Wyoming courts will suspend the separation entity doctrine. *Opal Mercantile v. Tamblyn*, 616 P.2d 776, 778 (Wyo. 1980); *Caldwell v. Roach*, 44 Wyo. 319, 12 P.2d 376 (1932). This narrow exception, however, applies only when a corporation does not exist and function as a separate entity, but instead as the alter ego of the person owning and controlling it. *Ten Mile Indus. Park*, 810 F.2d at 1526; (quoting *AMFAC Mechanical Supply Co. v. Federer*, 645 P.2d 73, 79 (Wyo.1982)). "[I]f the corporation is not a viable one and the individuals are in fact conducting personal activities and using the corporate form as a shield, a court may feel compelled to pierce the corporate veil and permit assertion of personal jurisdiction over the individuals." *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987); (quoting 4 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 1069, p. 69 (1985 Supp.)).

In this case the record fails to show that Dice was Defendant's alter ego. Plaintiffs provide only conclusory statements, not factual arguments. The Complaint asserts that it was not until after Plaintiffs' last loan to the company, that Defendant registered himself as owner of the domain names romecasino.com and dicelandcasino.com. This improper conduct occurred after any alleged actions by Defendant in Wyoming. Additionally, by Plaintiffs own statements, Defendant was obtaining funds from Plaintiffs for investment into the company. The Court does not believe that Defendant's actions in regard to these two domain names suffice to evidence the entirety of the corporation was not a separate entity at the time of Defendant's two calls to Wyoming. Additionally, the improper acts Plaintiffs asserted in the Complaint did not take place in Wyoming. The only activity by Defendant in Wyoming was the participation in two phone calls. These calls were clearly in Defendant's

6

representative capacity. Requiring Defendant to be hailed into Wyoming Courts based solely on two phone calls conducted in a representative capacity would offend traditional notions of fair play and substantial justice. Therefore, the Court finds the exception to the separate entity doctrine does not apply in this case, and personal jurisdiction cannot be predicated on Defendant's contacts in his representative capacity for Dice.

Additionally Plaintiffs attempt to assert jurisdiction based on Defendant's operation of internet gaming sites in Wyoming. These sites are operated under the name Rome Casino and Diceland Casino. Given that none of Plaintiffs' injuries arise as a result of Defendant's alleged operation of these sites, Plaintiffs are attempting to obtain general jurisdiction of Defendant based on the operation of these sites. First, the Court would note that Plaintiffs have presented insufficient evidence that Defendant is operating these sites personally and not through some representative capacity. Therefore, even if general jurisdiction was available, it would still not be available to bring Defendant into this jurisdiction.

More importantly, the Court finds that general jurisdiction does not exist over Rome Casino and Diceland Casino based on its internet presence. The Tenth Circuit has explained that to obtain general jurisdiction over an operator of a commercial website, "the commercial contacts here must be of a sort that approximate physical presence in the state—and engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Shrader v. Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011)(citations and quotation marks omitted). " [M]ost courts would agree that operating a web site selling products to residents of a state can subject the seller to general jurisdiction in that state, depending on the nature and degree of commercial activity

with the forum state." *Id* (citations omitted). "The case law sets the bar quite high, however, denying general jurisdiction absent substantial sales." *Id*.

Plaintiffs have failed to assert that Rome Casino or Diceland Casino have significant sales in Wyoming. In fact there is no evidence they advertise in Wyoming or have sought Wyoming customers in any manner. Rather, Plaintiffs actively sought out the sites and signed up. This is not sufficient. The fact that Defendant runs internet sites that a Wyoming citizen can seek out and sign up for is not sufficient to assert general jurisdiction over Defendant in his individual capacity based on his operation of the sites.

Having found there is "want of jurisdiction," the Court must determine whether to dismiss the action or transfer it to an alternative district where the complaint could have been brought originally. 28 U.S.C.A. § 1631. The law recognizes "transfers as a discretionary option under 28 U.S.C. § 1631 that should be considered to cure deficiencies relating to personal jurisdiction." *Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011).

As acknowledged in Plaintiffs' Memorandum, there is no other district within the United States to which this case might be transferred. The Court is not aware of any other district that has more substantial contacts with Defendant or with this action to obtain personal jurisdiction over Defendant. Given the absence of any identifiable forum to which this matter might be properly transferred, it is the Court's determination that dismissal of this action is appropriate.

Defendant has also sought attorney's fee for responding to Plaintiffs' RICO claims. Having determined that it lacks jurisdiction over Defendant, the Court did not substantively

8

consider Plaintiffs' claims.  As such, the Court will not award attorney's fees for these matters.   Plaintiff's motion for attorney fees is DENIED.

## CONCLUSION

For all the above stated reasons, the Court lacks personal jurisdiction over Defendant in this matter.  The Court identifies no district to which this matter should be transferred. Therefore Defendant's Motion to Dismiss is GRANTED.

IT IS ORDERED that Defendant's Motion is GRANTED IN PART AND DENIED IN PART.  Defendant's Motion to Dismiss Complaint is GRANTED.  Defendant's Motion For Attorney's Fees is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE.

Dated this  19th   day of August, 2014.

_____
NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE